**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a1018n.06

No. 12-4433

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Dec 05, 2013 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| RONALD L. WHITMORE, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Defendant-Appellant. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |

BEFORE:  BOGGS and ROGERS, Circuit Judges; STEEH, District Judge.[*]

PER CURIAM.  Ronald L. Whitmore appeals his 300-month sentence for possession and production of child pornography.  As set forth below, we affirm Whitmore's sentence.

Pursuant to a plea agreement, Whitmore pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 1) and production of child pornography in violation of 18 U.S.C. § 2251(a) (Count 2).  The district court calculated Whitmore's guidelines range as 235 to 293 months based on a total offense level of 38 and a criminal history category of I.  After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court varied upward from that range and sentenced Whitmore to 300 months of imprisonment.

---

[*]The Honorable George C. Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

On appeal, Whitmore contends that his sentence was procedurally unreasonable because the district court varied upward from the guidelines range and ignored his nonfrivolous arguments for lenity. We review a sentence for procedural reasonableness under an abuse-of-discretion standard. *United States v. Stafford*, 721 F.3d 380, 400 (6th Cir. 2013). We must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Whitmore asserts that the district court varied upward from the guidelines range despite the negotiated plea agreement. The plea agreement, however, stated: "The parties have *no agreement* about the sentencing range to be used or sentence to be imposed in this case, other than to stipulate to the computation of the advisory Sentencing Guidelines offense level." Plea Agreement 5 (emphasis added). The parties agreed on an offense level of 40, not including an adjustment for acceptance of responsibility, for Count 2. The district court used that offense level, less two levels for acceptance of responsibility, to calculate the advisory guidelines range. Nothing in the plea agreement prevented the district court from varying from that range.

The record belies Whitmore's claim that the district court ignored his request for lenity based on his physical and mental health. At sentencing, the district court acknowledged Whitmore's physical condition, including blindness in one eye, lung disease, and a self-diagnosed stroke, and his lack of any past mental-health treatment or substance abuse. The district court noted that defense

counsel had identified Whitmore's age and physical condition as possible grounds for departure. The district court stated, before imposing the sentence, that it would consider Whitmore's health problems and, after imposing the sentence, that it ultimately chose not to impose the statutory maximum sentence because of Whitmore's age and health issues.

Whitmore's brief could be construed as challenging the substantive reasonableness of his sentence. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). We review a sentence for substantive reasonableness under an abuse-of-discretion standard, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

The district court imposed a 300-month sentence, justifying the slight upward variance from the guidelines range based on the "heinous" nature and circumstances of the offense: Whitmore repeatedly engaged in sexually explicit conduct with a four-year-old girl who was in his care, custody, and control, videotaped that conduct, and made a "ridiculous" attempt to minimize the severity of the offense by claiming that the girl initiated the conduct. Sentencing Tr. 28-29. The district court factored in evidence discovered in this case indicating the sexual abuse of a male toddler, and 1992 allegations, reportedly substantiated by Stark County Children Services, of the sexual abuse of two male children. The district court also noted that the victims of child pornography suffer long-term effects – "the violation of innocence in perpetuity" – and that child

pornography "degrades us as a civilized human race." *Id*. at 29. We can discern no abuse of discretion in the 300-month sentence, including the seven-month upward variance.

Accordingly, we affirm Whitmore's sentence as procedurally and substantively reasonable.